**FEDERAL TRADE COMMISSION**

Serena Mosley-Day (*pro hac vice*)
smosleyday@ftc.gov
Reid Tepfer (*pro hac vice*)
rtepfer@ftc.gov
Edward Hynes (*pro hac vice*)
ehynes@ftc.gov
1999 Bryan Street, Suite 2150
Dallas, TX 72501
Telephone: (214) 979-9390 (Mosley-Day)
Telephone: (214) 979-9395 (Tepfer)
Telephone: (214) 979-9381 (Hynes)

Local Counsel:
David L. Hankin (CA Bar No. 319825)
dhankin@ftc.gov
10990 Wilshire Boulevard, Suite 400
Los Angeles, CA 90024
Telephone: (310) 824-4317

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

**CRAVATH, SWAINE & MOORE LLP**

Lauren A. Moskowitz (*pro hac vice*)
Noah J. Phillips (*pro hac vice*)
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
Telephone: (212) 474-1000
Facsimile: (212) 474-3700
lmoskowitz@cravath.com
nphillips@cravath.com

**WHITE & CASE LLP**
Bryan A. Merryman (Bar No. 134357)
555 South Flower Street, Suite 2700
Los Angeles, California 90071
Telephone: (213) 620-7700
Facsimile: (213) 452-2329
bmerryman@whitecase.com

Attorneys for Defendants
FITNESS INTERNATIONAL, LLC and
FITNESS & SPORTS CLUBS, LLC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> FITNESS INTERNATIONAL, LLC, a limited liability company; and FITNESS & SPORTS CLUBS, LLC, a limited liability company, <br><br> Defendants. | Case No. 8:25-cv-1841-JWH-KES <br><br> ~~**[PROPOSED]**~~ **STIPULATED PROTECTIVE ORDER** |

Case No. 8:25-cv-1841

## 1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Protective Order"). The Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties are informed of the statutory and regulatory authority of the Plaintiff to share confidential information under this Order with other federal and state agencies. The Parties further acknowledge that this Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

This Order should be read in conjunction with the parties' Stipulated Order Regarding Discovery of Electronically Stored Information and Stipulated Order Regarding Privilege.

## 2. **GOOD CAUSE STATEMENT**

This action is likely to involve the exchange of non-publicly available documents and other information of a sensitive and confidential nature, including consumer contracts and transactions with, and consumer complaints about Defendants and their brands LA Fitness, Esporta Fitness, Club Studio, and City Sports Club. These documents may contain confidential and Sensitive Personal Information including social security numbers, federal identification numbers, personal telephone numbers, personal addresses, personal email addresses, and credit card information. Special protection from public disclosure is

warranted for these documents and other information.  *See* Local Rule 5.2-1 (imposing requirements to protect certain personally identifiable information in public filings).

This action also involves valuable commercial, financial, and proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information at issue in this case includes information regarding confidential business practices, personnel records, or other confidential commercial information including information implicating privacy rights of third parties, such as customers' personal information including payment sources, identification details (documentation and government-issued numbers), confidential information of commercial business partners, information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**3.   DEFINITIONS**

3.1   Action: *Federal Trade Commission v. Fitness International, LLC, et al.*, Case No. 8:25-cv-1841-JWH-KES, pending in the United States District Court for the Central District of California.

[PROPOSED] STIPULATED PROTECTIVE ORDER

3.2    Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

3.3    "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

3.4    Consumer Complaints:  shall mean a communication or communications from a consumer directly to Defendants or a third-party entity, including the Federal Trade Commission, State Attorney Generals, or the Better Business Bureau, concerning Defendants or their business practices. This definition includes the consumers' written or oral communications and any supporting documentation or materials, including copies of financial account statements, provided by the consumer as part of that communication.

3.5    Counsel:  Outside Counsel of Record, and House Counsel (as well as their support staff).

3.6    Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

3.7    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

3.8    Expert:  person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action and is not a current employee or current business consultant of a Party's competitor, or otherwise currently involved in competitive decision making for a Party's competitor.  If, while this action is pending, a Party learns that any of its retained experts or consultants as defined herein is anticipating to become, or has become, an employee or business consultant of a Party's competitor, or otherwise involved in competitive decision-making for a Party's competitor, the Party learning such information shall promptly disclose the information to the other Parties.

Case No. 8:25-cv-1841

[PROPOSED] STIPULATED PROTECTIVE ORDER

3.9    House Counsel:  attorneys who are employees of a Party.  House Counsel does not include Outside Counsel of Record, or any other outside counsel.

3.10    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

3.11    Outside Counsel of Record:  attorneys who are not employees of a Party but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, and includes support staff.

3.12    Party:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

3.13    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

3.14    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, reviewing or retrieving documents or data in any form or medium) and their employees and subcontractors.

3.15    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

3.16    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.17    Sensitive Personal Information:  any Social Security number; sensitive health-related data including medical records; biometric identifier; any one or more of the following when combined with a person's name, address, or phone number: (a) date of birth, (b) driver's license or other federal or state identification number, (c) military identification number, (d) passport number, (e) financial institution account number, or (f) credit or debit card number; a person's name, if that person is a minor; a person's telephone number, email address, or home address, unless relevant to a claim or defense of

any party, (g) Universally Unique Identifier, or "UUID," in combination with a person's name, phone number, or email address; or other sensitive information relating to a person entitled to confidential status under applicable law or by order of this Court.

**4.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  In addition, nothing in this Order limits a Designating Party's use or disclosure of its own information designated as Protected Material, or prevents disclosure by a Party of Protected Material pursuant to an order of a court or as may be required by law or regulation, subject to Section 9 of this Order.  Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

**5.    DURATION**

Even after final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; or (2) entry of a final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**6.    DESIGNATING PROTECTED MATERIAL**

6.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  At the reasonable request of any Party, the Designating Party must designate for protection, in a specific document or set of documents, only those parts that

qualify for protection under this Order, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Except as otherwise provided in this Order (*see, e.g.*, Section 6.4 below), or as otherwise stipulated or ordered, mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other Parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

6.2     Manner and Timing of Designations.  Except as otherwise provided in this Order (*see, e.g.*, second paragraph of Section 6.2(a) and Section 6.4 below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Designating Party must determine which documents, or portions

[PROPOSED] STIPULATED PROTECTIVE ORDER

thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL") to each page that contains Protected Material.

(b)    For testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.  When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the close of the deposition, hearing, or other proceeding) a right to have up to 14 days after the transcript of the proceedings becomes available to identify the specific portions of the testimony as to which protection is sought.  Only those portions of the testimony that are appropriately designated for protection within the 14 days shall be covered by the provisions of this Stipulated Protective Order.  Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL".  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party.  The Designating Party shall inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of a 14-day period for designation shall be treated during that period as if it had been designated "CONFIDENTIAL" in its entirety unless otherwise agreed.  After the expiration of that period, the transcript shall be treated only as actually designated.

(c)    For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior

of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, and shall identify the protected portion(s).

6.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.4     Consumer Complaints. In order to minimize the Parties' burden, Consumer Complaints shall automatically be deemed "CONFIDENTIAL" under this order. A Producing Party therefore need not explicitly designate or label such materials as "CONFIDENTIAL" when providing Consumer Complaints to a Receiving Party.

Notwithstanding the suspension of the requirement to separately designate Consumer Complaints as "CONFIDENTIAL," the protections and safeguards outlined in this Order continue to apply to Consumer Complaints.

**7.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

7.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

7.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Civil Local Rule 37-1 *et seq*.

7.3     Judicial Intervention. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an

improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has withdrawn the confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

**8.    ACCESS TO AND USE OF PROTECTED MATERIAL**

8.1    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this Action unless another use is authorized by this Order or authorized by federal statute or regulation applicable to the FTC.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order as authorized by federal statute or regulation applicable to the FTC.   When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

8.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary because they either have responsibility for making decisions dealing directly with the litigation in this action or are assisting outside counsel in preparation for proceedings in this Action;

[PROPOSED] STIPULATED PROTECTIVE ORDER

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the Court and its personnel;

(e)     Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary or this Action and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(f)     During their depositions, witnesses and attorneys for witnesses in the Action to whom disclosure is reasonably necessary, provided: (1) the deposing party requests that the witness and their attorney(s) sign the form attached as Exhibit A hereto, and (2) witnesses and attorneys for witnesses will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(g)     The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)     Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by the parties as part of their engagement in settlement discussions; and

(i)     To a federal or state agency by the FTC where the disclosure is authorized by statute or regulation.

**9.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena issued by a court, arbitral, administrative, or legislative body, or with a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

[PROPOSED] STIPULATED PROTECTIVE ORDER

(a)     promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the person who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court or other tribunal from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court or other tribunal of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court or tribunal with appropriate jurisdiction.

**10.     <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>**

(a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL."   Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

[PROPOSED] STIPULATED PROTECTIVE ORDER

(1)    promptly notify in writing the requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)    make the information requested available for inspection by the Non-Party, if requested.

(c)    If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely objects or seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

## 11.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

11.1   If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.2   Unauthorized or inadvertent disclosure shall not change the confidentiality designation status of any disclosed material or waive the right to maintain the disclosed material as "CONFIDENTIAL." In addition, for the avoidance of doubt, if Protected

Material is disclosed to any person or in any circumstance not authorized under this Stipulated Protective Order, the Designating Party reserves all rights to seek further appropriate relief from the Court

## 12.   MISCELLANEOUS

12.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   Right to Assert Other Objections.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   Filing Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the Court, then the Party may file the Protected Material in the public record unless otherwise instructed by the Court.

12.4   Agreement Upon Execution.  Each of the Parties agrees to be bound by the terms of this Stipulated Protective Order as of the date this Stipulated Protective Order is filed with the Court.  Should the Court decline to enter this Order, the Parties agree the protections in this Order remain in effect until a Protective Order is entered by the Court. The Parties agree that documents produced prior to the entry of a Protective Order by the Court will be provided at least the protections afforded under this Stipulated Order.

## 13.   FINAL DISPOSITION

13.1   Within 60 days after the final disposition of this action, as defined in Section 5, each Receiving Party must return all Protected Material to the Producing Party or destroy such material or retain such material as required by federal recordkeeping requirements in a manner that ensures the confidentiality of the material.  As used in this Section, "all

Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, or retained pursuant to federal recordkeeping requirements, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material except as required by federal recordkeeping requirements. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), expert reports, deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at any hearing or trial, and their attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 5 (DURATION).

13.2    Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, through Counsel of Record.

Date: April 28, 2026                     */s/ Serena Mosley-Day*
                                         Attorney for Plaintiff Federal Trade Commission


Date: April 28, 2026                     */s/ Lauren A. Moskowitz*
                                         Attorney for Defendants Fitness International, LLC and
                                         Fitness & Sports Clubs, LLC


**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**


Date:    April 29   , 2026

                                         _____
                                         HON. KAREN SCOTT
                                         United States Magistrate Court Judge

-16-                                            Case No. 8:25-cv-1841
[PROPOSED] STIPULATED PROTECTIVE ORDER

## SIGNATURE CERTIFICATION

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I certify that Serena Mosley-Day, counsel for Plaintiff, concurs in this filing's content and that I have obtained her authorization to affix her electronic signature to this document.


Dated:  April 28, 2026                                    CRAVATH, SWAINE & MOORE LLP




By:    */s/  Lauren A. Moskowitz*
          Lauren A. Moskowitz

Attorney for Defendants

-17-                                    Case No. 8:25-cv-1841
[PROPOSED] STIPULATED PROTECTIVE ORDER

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____[date] in the case of *Federal Trade Commission v. Fitness International, LLC.*, Case No. 8:25-cv-1841-JWH-KES.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Date: _____

City and State where sworn and signed: _____

_____

Printed name: _____

Signature: _____

-18-

Case No. 8:25-cv-1841

[PROPOSED] STIPULATED PROTECTIVE ORDER